IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REBEL XAVIER CLINTON,

                Plaintiff,

      v.

OREGON DEPARTMENT OF
CORRECTIONS, DR. LELAND P.
BEAMER, MRS. TELLEZ, WARREN
ROBERTS, TLC COMMITTEE/
ATTENDEES, DEPARTMENT OF
ADMINISTRATIVE SERVICES, S.A.I.F.,
NURSE JOHNSON, MR. CLAYBORN, and
HOLLY MARPLE,

                Defendants.

Case No. 3:25-cv-02102-AN

ORDER

NELSON, District Judge.

This prisoner civil rights cases arises from Plaintiff's allegations that, for more than seven years, Defendants have been deliberately indifferent to his serious medical needs. Defendants move to dismiss the Complaint for failure to: (1) state a claim; (2) exhaust available administrative remedies; and (3) timely file this lawsuit.[1] As an initial matter, Plaintiff has filed an Amended Motion for Appointment of Counsel (#21) which is denied for the reasons the Court

---

[1] Defendant Roberts joined in the other Defendants' Motion on May 1, 2026.

1 - ORDER

previously set forth in its Order (#9) dated January 27, 2026. With respect to the Motion to Dismiss, it is granted in part and denied for the reasons that follow.

## STANDARDS

Dismissal is appropriate if Plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the Complaint and any attached exhibits. *Id* at 1484. Allegations of fact in the Complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the Court also must draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

## DISCUSSION

### I.    PLRA Exhaustion

Under the Prison Litigation Reform Act, prisoners seeking to challenge the conditions of their confinement must exhaust their available administrative remedies prior to filing suit. 42 U.S.C. § 1997(e)(a) *Porter v. Nussle,* 534 U.S. 516, 531-32 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007). Although the Ninth Circuit previously required exhaustion defenses to be raised in

2 - ORDER

an unenumerated Rule 12(b) motion, *see, Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), it has more recently stated that a summary judgment is the more appropriate procedural mechanism by which to raise the affirmative defense. *Albino v. Baca,* 747 F.3d 1166, 1165 (9th Cir. 2014) (en banc); *Jackson v. Fong,* 870 F.3d 928. 933 (2017).

In this case, Defendants assert, without citation to the record, that "plaintiff has explicitly stated he has outstanding grievances and thus has not exhausted his administrative remedies." Motion to Dismiss (#14), p. 5. Defendants ask the Court to dismiss the entire case on this basis. However, Plaintiff presumably has a lengthy grievance history extending more than seven years. The current pendency of one or more grievances does not represent the entirety of Plaintiff's administrative exhaustion record, and dismissal of his entire case on the very limited record currently before the Court is not appropriate.[2] In this context, as in most contexts, an exhaustion defense is not properly raised in a motion to dismiss. *See Albino,* 747 F.3d at 1166.

## II.    <u>Timeliness</u>

Defendants next assert that Plaintiff's claims are time barred. Forty-two U.S.C. § 1983 does not have an independent statute of limitations, therefore the applicable limitation period is borrowed from the forum state.  *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). Actions filed pursuant to § 1983 are characterized as personal injury actions for statute of limitations purposes. *McDougal v. County of Imperial*, 942 F.2d 668, 672-73 (9th Cir. 1991) (applying state personal

---

[2] Indeed, he alleges in his Complaint that he filed grievances as to all of his claims, and "appealed what [he] could," but correctional officials denied his ability to grieve certain issues and have often been unresponsive to his grievances and appeals. Complaint (#2), pp. 7-8.

3 - ORDER

injury limitations period to § 1983 actions). In Oregon, this period is two years. O.R.S. 12.110(1).

Defendants argue that although Plaintiff filed this case in November 2025, he must have known of his claims far sooner as demonstrated by his filing a tort claim notice on October 2, 2023 and a state habeas case in 2021. Defendants therefore ask the Court to dismiss any claims arising out of their acts or omissions occurring prior to November 2023. This, however, overlooks Plaintiff's allegations that he has been the victim of years-long medical neglect within multiple institutions within the Oregon Department of Corrections ("ODOC"), something he asserts has not only caused him needless suffering but also demonstrates deliberate indifference on the part of prison officials. Potential application of the continuing violation doctrine might permit Plaintiff to litigate claims predating November 2023. *See, e.g., Chestra v. Davis,* 747 Fed.Appx. 626 (9th Cir. 2019) (assuming application of the continuing violation doctrine in the context of a prisoner civil rights medical claim).

Defendants' argument also ignores the potential for tolling of the two-year statute of limitations due to the repeated lack of responsiveness Plaintiff allegedly received while attempting to exhaust his administrative remedies. Although Defendants assert that they have not accounted for tolling because state law claims do not have the same exhaustion requirement as the PLRA, this federal lawsuit is controlled by federal tolling principles. While federal courts borrow the statute of limitations from state law, the Ninth Circuit has concluded that a prisoner is entitled to tolling of a statute of limitations during the time he was actively pursuing exhaustion of his available administrative remedies as required by the PLRA. *Soto v. Unknown Sweetman,*

4 - ORDER

882 F.3d 865, 875 (9th Cir. 2018). Defendants' Motion to Dismiss the Complaint based on the timeliness argument is therefore not well taken.

Defendants also state that, with respect to unidentified state law claims contained within the Complaint, Plaintiff did not provide adequate tort notice to support those claims. ORS 30.275 requires that plaintiffs to provide 180 days' notice of intent to file a claim against the State or its employees. Defendants assert that "all claims occurring prior to May of 2025 have not met the notice requirement . . . and should be dismissed." Motion to Dismiss (#14), p. 6. The reference to "all claims occurring prior to May of 2025" is too vague, however, because it fails to identify the specific claims that are subject to the Oregon Tort Claims Act ("OTCA") and which state law claims might fall outside of the OTCA's scope. Consequently, at this juncture the Court does not find that Plaintiff failed to provide adequate notice to support his "state law claims prior to May of 2025." *Id.*

### III.    Failure to State a Claim

#### A.    Organizational Defendants

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation).

5 - ORDER

Without identifying any entities specifically, Defendants ask the Court to dismiss the "organizational defendants" from this case because they are not "persons" for purposes of 42 U.S.C. § 1983. Because only individuals acting under color of state law are liable under 42 U.S.C. § 1983, *see, e.g., Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989), ODOC and the Department of Administrative Services are dismissed from this lawsuit.

## B.     <u>Individual Defendants</u>

Defendants also contend that Plaintiff's allegations against each of the named Defendants fail to support even an inference that they were deliberately indifferent to his serious medical needs. According to the Motion to Dismiss, Claims 1, 4, and 24 specifically identify Defendants Tellez and Johnson, but do not clarify how they were deliberately indifferent aside from conclusory assertions regarding medication orders and making corrections to procedures. Plaintiff sufficiently alleges that Tellez repeatedly failed to order or dispense correct medications for him, resulting in medical maladies that include a potassium deficiency, extreme dandruff/psoriasis, and medication dependency. This is sufficient for pleading purposes. The Motion to Dismiss is, however, granted as to the allegations against Defendant Johnson in Claims 1, 4, and 24 where Plaintiff alleges only that she did not correct unidentified pharmaceutical issues.

Defendants assert that in Claims 2, 3, 5, 13, 16, 17, 18, 19, 20, and 22, Plaintiff fails to mention any Defendant and, thus, does not make any viable allegations. A review of the Complaint reveals this to be accurate, and these claims are dismissed.

Defendant Beamer argues that in Claims 6, 7, 9, 10, 11, 12, and 15, the Complaint fails to describe how he was involved in the various deprivations at issue. However, Plaintiff generally

6 - ORDER

alleges that he suffers from medical issues with his neck, right knee, shoulders, collar bone, as well as vision loss. He alleges that he was ignored, denied medical care, and had his medical records altered. He specifically points to Defendant Beamer as being involved with ignoring his requests for treatment, ignoring specialists' reports, and altering Plaintiff's medical records. He maintains that, as a result, he has been further injured and subjected to prolonged suffering. This is sufficient to state claims for pleading purposes.

Defendant Johnson states that although Plaintiff identifies her in Claim 8, he does not clarify how she was involved in denying him medical care. In Claim 8, Plaintiff alleges that he suffers from migraine headaches, and that Defendant Johnson was involved in denying and/or ignoring his requests for both testing and treatment of his migraines. According to the Complaint, this has resulted in debilitating headaches, vision loss, lack of sleep, and other physical ailments. This is sufficient to state a claim.

Defendant Clayborn represents that Plaintiff fails to state a claim against him in Claim 14 because, while he identifies him within the claim, he does not clarify how he was involved in any deprivation. To the contrary, Plaintiff alleges that he has a collapsed arch in his right foot for which he has been denied testing and treatment, and further alleges that his complaints about this ailment have been ignored. He specifically claims that Defendant Clayborn personally participated in denying and/or ignoring his requests for medical attention, testing and treatment, and that this is causing him to suffer from sharp pain, cramps, limping, lack of sleep, high blood pressure, and mental stress. Claim 14 states a claim for pleading purposes.

Plaintiff names Defendants Beamer, Tellez, and Johnson within Claim 21, but Defendants maintain that he has not explained how they were involved in the deprivation he

7 - ORDER

describes. Plaintiff alleges in Claim 21 that he suffers from carpal tunnel and arthritis in both of his hands and wrists, chronic pain, joint lock, and cannot close his hands due to swelling. He alleges that Defendant Beamer was tasked with his care, but denied plaintiff "a live assistant, and Post-Op follow-ups with the Orthopedic Specialist Physical Therapy and a Squeeze Ball. . . ." Complaint (#2), p. 10. He also claims that the pharmacist at the Deer Ridge Correctional Institution (Defendant Tellez) is failing to properly order medications for him. This suffices to state a claim against these two Defendants. Plaintiff's allegation that an unidentified "Medical Manager" (which presumably refers to Defendant Johnson) did not prevent his issues is vague and conclusory and fails to state a claim. Thus, Claim 21 may continue only as to Defendants Beamer and Tellez.

Defendants Clayborn, Johnson, and Tellez also assert that although Plaintiff identifies them individually in Claim 23, he does not make clear how they were involved in any deprivation. In Claim 23, Plaintiff alleges that in response to an enlarged prostate and swollen blood vessels, he was prescribed finasteride in December 2023, but he discontinued the medication in April 2025 because it caused him adverse side effects. According to the Complaint, Defendants Johnson and Clayborn ignored side effects and continued the medication that had been harming him. He also states that Defendant Tellez failed to order his medications correctly. Plaintiff claims to have suffered various physical harms as a result. This is sufficient involvement to state a claim for pleading purposes against Defendants Clayborn, Johnson, and Tellez.

Finally, Defendant Roberts argues that the Complaint does not plausibly allege personal participation by him as to any constitutional violation, and asks that any claims against him be

8 - ORDER

dismissed. A review of the Complaint shows that Plaintiff attempts to bring suit against Dr. Roberts in a supervisory capacity, faulting him for transferring him to the care of Dr. Beamer and for generally presiding over medical personnel within ODOC. There is no respondeat superior liability in a § 1983 action. *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691-94 (1978). Plaintiff's only specific allegations that Dr. Roberts reassigned him to Dr. Beamer's care are not sufficient to allege deliberate indifference to a serious medical need. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Dr. Roberts is therefore dismissed from this lawsuit.

## CONCLUSION

Plaintiff's Amended Motion for Appointment of Counsel (#21) is denied. Defendants' Motion to Dismiss (#14) is granted to the extent that: (1) Defendants Roberts, ODOC, and Department of Administrative Services are dismissed from the lawsuit entirely; (2) Claims 1, 4, and 24 are dismissed as to Defendant Johnson only; (3) Claims 2, 3, 5, 13, 16, 17, 18, 19, 20, and 22 are dismissed in their entirety; and (4) Claim 21 is dismissed as to Defendant Johnson only. The Motion to Dismiss is otherwise denied.

IT IS SO ORDERED.

__May 20, 2026__
DATE

Adrienne Nelson
United States District Judge

9 - ORDER